IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| J.C. BENNETT, ) | |
| ) | |
| Plaintiff, ) | Cause No.:1:21-cv-134 |
| ) | |
| vs. ) | |
| ) | |
| O'REILLY AUTOMOTIVE STORES, INC. ) | |
| d/b/a/ O'REILLY AUTO PARTS, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT FOR DAMAGES
AND REQUEST FOR JURY TRIAL**

Comes now Plaintiff, J.C. Bennett, by counsel, and as his Complaint for Damages against Defendant, O'Reilly Automotive Stores, Inc. dba O'Reilly Auto Parts, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, J.C. Bennett, is a resident of Allen County in the State of Indiana and a former employee of Defendant.

2. Defendant, O'Reilly Automotive Stores, Inc. d/b/a O'Reilly Auto Parts (hereinafter referred to as "O'Reilly's"), is an employer as defined by 42 U.S.C. § 2000e(b), which conducts business in the State of Indiana.

3. Mr. Bennett filed a Charge of Discrimination (Charge 470-2020-03548) with the Equal Employment Opportunity Commission on or about August 13, 2020, *inter alia*, alleging that the Defendant had violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

4. The Equal Employment Opportunity Commission issued to Mr. Bennett a 90-day Right to Sue letter on January 22, 2021.

5. Mr. Bennett invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff, an African-American male was employed by the Defendant as a Store Manager for twelve (12) years.

8. On or around April 2020, Plaintiff's supervisor instructed the Plaintiff to terminate two (2) part-time African-American employee due to the COVID-19 pandemic.

9. The Plaintiff objected to the termination of the two part-time African-American employees because sales were good and because his supervisor was only terminating the part-time African American employees.

10. Shortly thereafter, on or about June 11, 2020, the Plaintiff tested positive for COVID-19 and was off work until June 26, 2020.

11. Upon his return, he asked to take his vacation days because he was still experiencing Covid-19 related symptoms, but he was told no employees would be allowed to use vacation time during the pandemic.

12. The Plaintiff then learned his supervisor had approved a vacation request for a white employee.

13. On or about June 27, 2020, the Plaintiff called the Defendant's hotline and complained of racial discrimination.

14. Afterwards, the Plaintiff was allowed to take his vacation but was told that he was being transferred to another store.

15. The Plaintiff expressed his concerns that the store he was being transferred to is a predominately white community with a reputation for racism.

16 Plaintiff's supervisor ignored Plaintiff's concerns and when Plaintiff failed to report to the new store, Defendant terminated Plaintiff's employment for insubordination.

## Count I
## Title VII Race

17. Plaintiff incorporates by reference Paragraphs one (1) through sixteen (16) above.

18. Plaintiff, at all times, met or exceeded Defendant's legitimate performance expectations.

19. Defendant discriminated against Mr. Bennett on the basis of his race when it refused to allow him to use his vacation time, unjustly wrote him up, and then terminated his employment.

20. Mr. Bennett's race was the motivating factor in Defendant's decision to deny his use of vacation time and terminate his employment.

21. Similarly situated non-African-American/black employees were treated more favorably under similar circumstances.

22. These actions violated Mr. Bennett's rights and were in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

23. As a result of the foregoing, Mr. Bennett has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

24. As a result of Defendant's actions, Mr. Bennett has incurred attorney fees and costs.

25. Defendant's actions were done with malice or willful reckless disregard to Mr. Bennett's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred and for all other appropriate relief.

## Count II
## Retaliation

26. Plaintiff incorporates by reference Paragraphs one (1) through twenty-five (25) above.

27. Mr. Bennett complained of racial discrimination when his supervisor denied him use of his vacation time and approved that for a white employee.

28. Mr. Bennett also complained of racial discrimination when he questioned his boss about terminating the African-American part-time employees.

29. Defendant then retaliated against Mr. Bennett by transferring him to another store for his complaints of racism, and then terminated his employment for alleged insubordination when he questioned that transfer.

30. As a result of the foregoing, Mr. Bennett has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

31. As a result of Defendant's actions, Mr. Bennett has incurred attorney fees and costs.

32. Defendant's actions were done with malice or willful reckless disregard to Mr. Bennett's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory

damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

### Count III
### §1981

33. Plaintiff incorporates by reference Paragraphs one (1) through thirty-two (32) above.

34. Plaintiff, at all times, met or exceeded Defendant's legitimate performance expectations.

35. Defendant discriminated against Mr. Bennett on the basis of his race when it denied him vacation time, transferred him to a new store, and then terminated his employment.

36. Mr. Bennett's race was the motivating factor in Defendant's decision to deny use of vacation time and terminate his employment.

37. Similarly situated white employees, and employees who are not black or African-American, were treated more favorably than Plaintiff.

38. These actions were in violation of 42 U.S.C. § 1981.

39. As a result of the foregoing, Mr. Bennett has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

40. As a result of Defendant's actions, Mr. Bennett has incurred attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendants, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

*/s/ Paul J. Cummings*
Paul J. Cummings, 22714-41

### REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

*/s/ Paul J. Cummings*
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
1634 W. Smith Valley Road - Suite B
Greenwood, IN  46142
(317) 885-0041
(888) 308-6503 Fax